**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

```
******************************)
In re:                        )
                              )
        F. LEE BAILEY,        )          Chapter 13
                              )          Case No.: 17-20323
                Debtor.       )
                              )
******************************
```

**MEMORANDUM OF LAW**

This bankruptcy case is another chapter in the decade long struggle between the Internal Revenue Service ("IRS") and Mr. Bailey over taxes. Much of that story is set forth elsewhere and is not relevant to the decision here. Now, the United States of America, on behalf the IRS, seeks to enforce its federal tax liens on debtor F. Lee Bailey's pension accounts and right to Social Security benefits. Mr. Bailey objected to that relief and a hearing was held on September 13, 2017. Following the hearing, the Court took the matter under advisement to determine whether the issue could be determined as a matter of law, as IRS asserts, or whether an evidentiary hearing is necessary, as Mr. Bailey maintains. After consideration of the arguments of counsel, the Court concludes that for the reasons set forth below, IRS's motion can be addressed without the need of testimony and it will be granted.

**I. JURISDICTION AND VENUE.**

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and the general order of reference entered in this District pursuant to 28 U.S.C. § 157(a). D. Me. Local R. 83.6(a). Venue here is proper pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(G).

## II.  BURDEN OF PROOF.

Mr. Bailey carries the burden of proof on all issues in connection with this motion for relief from stay except on the issue of the amount of equity in his pension accounts and Social Security benefits.  On that issue, the United States has the burden of proof.  11 U.S.C. § 362(g).[1]

## III.  BACKGROUND.

In 2007, the IRS issued two statutory notices of deficiency pursuant to 26 U.S.C. § 6212 regarding Mr. Bailey's federal income tax liabilities for years 1993 through 2001.  The United States Tax Court sustained the notices in large part in 2012.  Bailey v. C.I.R., 103 T.C.M. (CCH) 1499, T.C. Memo. 2012-96, T.C.M. (RIA) 2012-096, 2012 RIA TC Memo 2012-096, 2012 WL 1082928, at *1 (T.C. 2012), aff'd sub nom. Bailey v. I.R.S., 2014-1 USTC P 50212, 2014 WL 1422580 (1st Cir. Mar. 14, 2014).  Mr. Bailey filed a voluntary Chapter 7 bankruptcy petition in 2016 and his bankruptcy schedules disclosed that he had interests in three pensions: the Screen Actors Guild ($702 per month), the American Federation of Radio & Television Artists ($225 per month), and United Airlines ($476 per month); and that he received a Social Security benefit ($1,786 per month).  In October of 2016, Mr. Bailey he received a discharge in his Chapter 7 case which eliminated his personal obligation to repay the IRS for its claims for tax years 1993 through 2001.  The liens on Mr. Bailey's personal property securing the IRS claim of more than $5 million survived the Chapter 7 bankruptcy case.

Approximately seven months later, in June of 2017, Mr. Bailey, now 84 years old, filed a second bankruptcy case seeking relief under Chapter 13 of the Code from the in rem claims of the IRS and others.  As in his Chapter 7 case, Mr. Bailey scheduled his three pensions and his Social Security benefits as assets.  In August of 2017, the IRS filed this motion through which it

---

[1]  All references to the "Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, et seq.

seeks modification of the automatic stay to enforce its federal tax liens on Mr. Bailey's pension

accounts and Social Security benefits so it can, among other things, apply the monthly pension

payments of $1,483 and the monthly Social Security benefit payments of $1,786 to Mr. Bailey's

past tax obligations.

### IV.  DISCUSSION.

The IRS argues that it is entitled to a modification of the automatic stay on two grounds:

(a) cause exists for the modification of the stay under §362(d)(1) because the IRS's interests in

Mr. Bailey's pension and Social Security benefits are not being adequately protected, and (b) Mr.

Bailey has no equity in either of those benefits due to the magnitude of the IRS tax liens and the

benefits are not necessary to an effective reorganization thereby permitting stay relief under

§362(d)(2).  Mr. Bailey disagrees.  He maintains that the IRS is adequately protected by his

proposed treatment of its claims - a bankruptcy court assessment of the cash value of the IRS's

security interests in his pension and Social Security benefits and his payment of that amount

through a third-party loan.  He further asserts that the IRS cannot prevail on its §362(d)(2)

argument because he has equity in the pension and Social Security benefits and he needs them to

effectively reorganize his obligations.

The IRS has the more persuasive position.

There is no dispute that the IRS, as a creditor of Mr. Bailey with a "colorable" tax claim

against Mr. Bailey's property, has standing to seek relief from stay.  2 Norton Bankr. L. & Prac.

3d § 43:44 (2017); In re Farr, 2015 WL 658743, at *2 (Bankr. D. Me. Feb. 17, 2015).  And it, as

a secured creditor, has certain rights under § 362(d)(1) which provides that the court shall grant a

party in interest's request for relief from the automatic stay "for cause, including the lack of

adequate protection of an interest in property of such party in interest . . ."  Though the Code

does not define "adequate protection", § 361 gives us some examples which include the making

of cash payments or providing of liens to the extent that the stay causes a decrease in the value of

the creditor's interest in the debtor's property, or the granting of other relief which will "result in

the realization by such entity of the indubitable equivalent of such entity's interest in such

property".  §361.[2] The form that the protection takes depends in part upon the risk to the secured

party, what the property is being used for and the protection the debtor offers.  Professor John D.

Ayer et. al., "What Every Secured Creditor (and Its Lawyer) Should Know About Chapter 11",

Am. Bankr. Inst. J. 22 (2003).

To make that determination here, we must first examine the nature of the property for

which the IRS seeks relief from the stay and then determine its interest in it.  Prior to either

bankruptcy filing, the IRS obtained tax liens, pursuant to 26 U.S.C. § 6321, on all of Mr.

Bailey's property and interests in property, including his pensions and Social Security benefits.

> The statutory language "all property and rights to property," appearing in § 6321 (and, as
> well, in §§ 6331(a) and, essentially, in 6332(a), see nn. 1 and 2, supra ), is broad and
> reveals on its face that Congress meant to reach every interest in property that a taxpayer
> might have. See 4 B. Bittker, Federal Taxation of Income, Estates and Gifts ¶ 111.5.4, p.
> 111-100 (1981) (Bittker). "Stronger language could hardly have been selected to reveal a
> purpose to assure the collection of taxes." Glass City Bank v. United States, 326 U.S.
> 265, 267, 66 S.Ct. 108, 110, 90 L.Ed. 56 (1945).

> United States v. Nat'l Bank of Commerce, 472 U.S. 713, 719–20 (1985).

"All property and rights to property" includes Mr. Bailey's rights to receive future

payments from his pension and Social Security benefits.  Wessel v. United States of America (In

re Wessel), 161 B.R. 155 (Bankr. D.S.C. 1993); In re Cook, 150 B.R. 439, 441 (Bankr. E.D. Ark.

1993); Rev. Rul. 55-210 (1955)("[I]t is the position of the Internal Revenue Service that where a

taxpayer has an unqualified fixed right, under a trust or a contract, or through a chose in action,

---

[2]  At least the Code is clear on what "adequate protection" is not: it does not include the granting of an
administrative expense under §503(b)(1).  §361(3).

to receive periodic payments or distributions of property, a Federal lien for unpaid tax attaches to the taxpayer's entire right, and a notice of levy based on such lien is effective to reach, in addition to payments or distributions then due, any subsequent payments or distributions that will become due thereunder, at the time such payments or distributions become due."). And, the liens imposed by 26 U.S.C. § 6321 remain in effect until the taxes are paid or become unenforceable due to the passage of time. 26 U.S.C. § 6322.

Although Mr. Bailey and the IRS do not dispute the amount of the tax liens, they differ on their effect. Mr. Bailey asserts that the IRS's liens on his pension and Social Security benefits reach something far less than $5.2 million of that property. On one level, he is correct because for the liens to capture that amount from the pension and Social Security benefits, the IRS would need to seize the full monthly payments from both of those income streams for a period much longer than Mr. Bailey's lifetime, over 136 years at the currently monthly amounts. Rather, Mr. Bailey argues that the "value" of the IRS's in rem claim is the value of the collateral which can be reduced to a fixed amount by determining the present value of those streams of income. Mr. Bailey may be correct[3] but his argument is not enough to fend off the IRS's relief from stay request. First, he has not stated what the value is of the IRS's collateral and he has not provided the IRS with a specific plan to adequately protect it. All that he has proposed to date is that the collateral will be valued and he will borrow enough money to pay it off. That proposal may indeed work at some time in the future but the current state of affairs - Mr. Bailey receives the monthly payments from his pension and social security benefits and he uses them for his expenses and to fund his plan - erodes the IRS's collateral.

---

[3] See, In re Wesche, 193 B.R. 76, 79 (Bankr. M.D. Fla. 1996) ("The Court will follow the reasoning in the previously cited cases, and hold that the IRS lien does attach to Mr. Wesche's post-petition pension payments. The IRS claim is valued as the present value of the future payments over Debtor's lifetime."); Robinson v. United States (In re Robinson), 39 B.R. 47 (Bankr.E.D.Va. 1984) (Value of IRS lien on debtor's military pension was equal to the present actuarial value of the pension payments Debtor would expect to receive over his lifetime.).

What Mr. Bailey seeks is a full adjudication of his challenge to the amount of the IRS secured claim; in other words, his opposition to the motion for relief from stay is essentially a claims adjudication under § 506.  While he is entitled to mount such a challenge, the context of this motion for relief from stay is neither the time nor place.  Relief from stay motions, such as IRS's here, are expedited proceedings designed in part to ensure that secured creditors do not lose the value of their security interests because of the operation of the stay and Mr. Bailey's proposal does not provide the IRS with the protection that § 362(d)(1) affords.  As observed in In re Farr, the granting of this motion is not a decision in favor of IRS on the scope of its claim against Mr. Bailey.  "Relief from stay hearings are merely summary proceedings to ascertain whether the party seeking relief has a colorable claim to estate property, they are not meant to determine the merits of the underlying substantive claims, defenses, or counterclaims."  In re Farr, 2015 WL 658743, at *2 (Bankr. D. Me. Feb. 17, 2015) (citations omitted).  Mr. Bailey retains all of his arguments and objections concerning IRS's claim and can assert them as he sees fit.

### V.  CONCLUSION.

The IRS's motion for relief from stay pursuant to §362(d)(1) is granted.[4]  A separate order shall enter.

DATED at Portland, Maine this 3rd day of October 2017.

/s/ Peter G. Cary
Hon. Peter G. Cary
United States Bankruptcy Judge

---

[4] Given the Court's determination that the IRS is entitled to relief from the automatic stay pursuant to § 362(d)(1), there is no need to address IRS's § 362(d)(2) arguments.