UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

F. LEE BAILEY,

Debtor.

Chapter 13
Case No. 17-20323

**DECISION**

This matter is before the Court on Debtor F. Lee Bailey's Request for Certification of a direct appeal to the Court of Appeals for the First Circuit from this Court's January 10, 2018 oral order (the "Request"). Docket Entry ("DE") 73. The January 10, 2018 order determined that (1) Mr. Bailey's rights to receive future income from three sources – pensions from the Screen Actors Guild, the American Federation of Radio & Television Artists, and United Airlines - were excluded from the bankruptcy estate, (2) the Court did not have subject-matter jurisdiction to determine the value of the IRS's security interest in the pensions for the purpose of allowing a secured claim under 11 U.S.C. § 506(a), and (3) sovereign immunity was not statutorily waived under 11 U.S.C. § 106 (the "Order"). See DE 70 and pages 22 – 25 of the transcript at DE 84.

The Request is made solely pursuant to 28 U.S.C. § 158(d)(2)(A)(i) which provides for direct appeal to the First Circuit if (1) this Court certifies that the Order involves a question of law for which there is no controlling decision of the Court of Appeals for the First Circuit or of the Supreme Court of the United States and (2) the First Circuit subsequently authorizes the direct

appeal of the Order.[1] F.R.Bankr.P. 8006 governs these requests and, in addressing the Request, this Court must first determine whether it has jurisdiction to address the relief sought by Mr. Bailey. See, Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC, 2017 WL 3084395, at *2 (Bankr. S.D.N.Y. July 19, 2017). It does because F.R.Bankr.P. 8006(b) requires that the party requesting certification file the request with the clerk of the court where the matter is pending and Mr. Bailey filed the Request with the Clerk of this Court where this matter will remain pending until February 22, 2018 – being 30 days after the filing of the notice of appeal. Id.; F.R.Bankr.P. 8002(a). Finally, the Request complied with F.R.Bankr.P. 8006(f)(2)(A-D) by setting forth the facts necessary to understand the questions presented, the questions, the relief sought and the reasons why a direct appeal should be allowed. Although Mr. Bailey did not attach a copy of the order appealed from as required by F.R.Bankr.P. 8006(f)(2)(E), that order was issued orally in court on January 10, 2018 and at the time the Request was filed the transcript of the audio file at DE 68 had not yet been requested.

As to the substance of the Request, Mr. Bailey maintains that a direct appeal to the First Circuit should be allowed because there is no controlling First Circuit or Supreme Court case and the courts that have addressed the issue have reached different conclusions as to the treatment in bankruptcy of pension interests which are subject to tax liens of the Internal Revenue Service ("IRS"). Further, he questions the validity of U.S. I.R.S. v. Snyder, 343 F.3d 1171 (9th Cir. 2003), on which the IRS relies heavily.[2] The IRS sees things differently. While it concedes that there is

---

[1] Although 28 U.S.C. § 158(d)(2)(A)(i) also permits direct appeals when the lower court certifies that the question of law involves a matter of public importance, Mr. Bailey did not seek certification on that basis. Also, Mr. Bailey's underlying appeal concerns questions of law only and does not concern any questions of fact, mixed or otherwise. This distinction is critical because certifications of direct appeal are not appropriate when the issue at hand is not purely legal. See In re Tribune Co., 477 B.R. 465, 472 (Bankr. D. Del. 2012).

[2] The Debtor relies on In re Rains, 428 F.3d 893, 905 – 906 (9th Cir. 2005), which was decided two years after Snyder, for the proposition that the Ninth Circuit has concluded that the exclusion of a debtor's interest in an ERISA-qualified pension plan from property of the estate "is permissive rather than mandatory" thereby

no controlling First Circuit decision as to the specific legal issues involved here, the IRS maintains that there is no significant dispute among the courts as to those issues and the essential logic of Snyder remains unassailed. This Court reads the essence of the IRS's objection to be that there is no actual legal question as to the issues on appeal.

Although a review of the case law supports the IRS's assertion that there is no significant dispute as to the courts' recent treatment of the underlying legal issues and while Mr. Bailey has not cited any contrary authority which postdates both Snyder and Patterson v. Shumate, this Court is hamstrung by the language of § 158(d)(2)(B) which provides that if the bankruptcy court receives a request for certification and determines that there is no controlling applicable law under §158(d)(2)(A)(i), than it must certify the direct appeal. While the First Circuit Court of Appeals has a separate discretionary bite at this apple, and in weighing whether to permit a direct appeal that court could consider whether there is actually "substantial ground for difference of opinion" as to the underlying legal issues *à la* discretionary appeals under 28 U.S.C. §1292(b), Weber v. United States, 484 F.3d 154, 161 (2d Cir. 2007), Congress gave this Court no discretion as to certification once one of the conditions of § 158(d)(2)(A)(i, ii or iii) is met. See, In re IMMC Corp., 2016 WL 356026, at *4 (D. Del. Jan. 28, 2016). Thus, notwithstanding that this Court reads the plain language of 11 U.S.C. §§ 506(a) and 541(c)(2) to require the result reached in the

---

undermining the holding of Snyder. This Court does not read Rains this way. Mr. Rains and his wife were chapter 7 debtors. During the pendency of their case, they settled an adversary proceeding against them by the chapter 7 trustee by entering into an agreement which provided that Mr. Rains would pay the trustee a sum of money by a certain date and, if he failed to make that payment, an order denying his exemption in his ERISA-qualified pension plan would issue. Later, Mr. Rains had second thoughts and challenged his consensual alienation of part of his pension plan on various grounds. In affirming the bankruptcy court's approval and enforcement of the settlement agreement, the Rains Court observed that a debtor could voluntarily choose to contribute his interest in the pension plan to a settlement. This holding does not undermine the reasoning or logic of Snyder. As recently as 2014, the Ninth Circuit has reiterated the lessons from Patterson v. Shumate 504 U.S. 753 (1992) and Snyder that ERISA-qualified pension plans are not part of the bankruptcy estate and that the IRS's prepetition tax liens on ERISA-qualified pension plans of a debtor survive the bankruptcy process. Gross v. C.I.R., 556 Fed. Appx. 631, 632 (9th Cir. 2014).

Order, seeing as there is no controlling authority of the First Circuit or the Supreme Court as to the legal issues addressed in the Order, Mr. Bailey's request for certification must be granted.[3]

A separate order shall issue.

Dated: February 21, 2018         /s/ Peter G. Cary
                                 Peter G. Cary
                                 United States Bankruptcy Judge
                                 for the District of Maine

---

[3] In its opposition to the Request, the IRS asked this Court to reduce its oral ruling to writing in the event that it granted the Request. I have reviewed pages 22 – 25 of the transcript at DE 84 and conclude that they provide any appellate court with a sufficient explanation for the basis of the Order and that a written opinion is not necessary.